## No. 587
### S. & H. PLUMBING SUPPLY CO. v. COLEMAN

No. 19886.  Supreme Court

On motion to certify.  Dock. June 10, 1926.

**755.  MECHANIC'S LIEN**—Where money is paid by one contractor to another contractor, said money having been received from a particular party to apply on a particular account may said contractor apply the money to the general account and later file a mechanic's lien against the property?

It appears that H. and G. L. Coleman let a contract to the Engineering and Finance Company to build houses on certain lots. The Engineering and Finance Company sub-let the plumbing work to the S. & H. Plumbing Company who secured the materials necessary for the plumbing from the plaintiff herein M. J. Gibons, Supply Co.  The Plumbing Company at this time was doing work under other contracts for the Engineering and Finance Company.  The Engineering and Finance Company gave the plumbing company a trade acceptance for $4000 as part compensation for work done and the trade acceptance was negotiated to Gibons Supply Company on its whole account. The account included materials furnished for Coleman and others.  H. G. and L. Coleman Company did not demand affidavits stating the payment of the materials furnished and gave the Engineering Company a check for $2000 which was indorsed and delivered to Gibons Company, with the request that it be applied on the payment of the trade acceptance.  Subsequently the Gibons Company filed a mechanic's lien on the Coleman houses.  The Montgomery Common Pleas held the liens to be good and that a proper application of the payment of $2000 had been made.  The Appeals held that there was no right to apply the $2000 on another indebtedness to the prejudice of Coleman.

The Gibons Company in the Supreme Court contends:

1.  That the $200 indorsed to it and applied on the trade acceptance was properly done according to instructions.

2.  That the liens should be held valid.

**Attorneys**—Burkhar, Heald, & Pickrel, Dayton, for Pltf.; D. B. Van Pelt and C. W. Dale, Dayton, for Defts.

## No. 588
### BISCOTTI v. STATE

No. 19845.  Supreme Court

Motion for leave to file.  Dock. May 26, 1926.

**650.  INTENT**—Is it necessary under 12433 GC. that an indictment charging an accused with arson charging the intent to commit the crime?

Thomas Biscotti was tried and convicted in the Cuyahoga Common Pleas of Arson.

The indictment of "intent" and after the accused was found guilty of attempted arson a demurrer was filed to the indictment on the ground that the element of "intent" must be charged in order to state facts sufficient to constitute the crime.

The judgment of conviction of "attempted" of arson of the Common Pleas was affirmed by the Appeals.

Biscotti in the Supreme Court contends:

1.  That the crime of arson cannot be committed without "intent".

2.  That the indictment was not sufficient because "intent" was not charged.

**Attorneys**—M. A. Picciano and W. L. Brooker, Cleveland, for Pltf.; E. C. Stanton, Cleveland, for Deft.

## No. 589
### NEISWANDER et v. BRICKNER et

No. 19865.  Supreme Court

On motion to certify.  Dock. June 5, 1926.

**159.  BOARD OF EDUCATION**—Under 10216 GC. if the last day of the thirty days provided for falls on Sunday should said day be included in the computation of the 30 day period?

Does 10216 GC. apply to a remonstrance by electors in the establishment of a new school district by a Board of Education?

It appears that the Putnam County Board of Education by a resolution passed on April 24, 1925, created from other districts a new school district to be known as Autoville School District.  A remonstrance which was filed by 870 electors whose residence was in the district effected by the resolution was filed at 10:00 P. M. on Saturday, May 23, 1925.  163 of the electors who had filed the petition submitted to the Board of Education a written request on Monday May 25, 1925, that their names be withdrawn from the remonstrance previously filed.  Thereupon the Board of Education pursuant to taking a poll by which they determined that there was not a majority of the electors against the creation of a new district caused the appointment of a Board for this new district.

This action was brought originally in the Putnam County Common Pleas by Joseph Brickner and other electors for an injunction against the new Board, restraining it from acting.

The judgment of the Common Pleas, in granting an injunction was affirmed by the Appeals on the theory that 10216 is a part of Part III of the General Code and therefore does not apply to another provision and also that when the last day of the 30 day period fell on Sunday that it was to be included.

The plaintiffs-in-error in the Supreme Court contend:

1.  That Part III is applicable because it states "All acts required by law to be done".

2.  That when the last day of 30 day period falls on Sunday, it should be excluded from the computation.

**Attorneys**—J. S. Hogan, Ottawa, and Knepper & Wilson for Neiswander; T. R. Hamilton, L. M. Shepherd, Lima, for Brickner.